# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————————

## No. 201700169

————————————————

### UNITED STATES OF AMERICA
Appellee

v.

### RANDALL L. MYRICK
Private First Class (E-2), U.S. Marine Corps
Appellant

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Mark D. Sameit, USMC.
Convening Authority: Commanding General, 1st Marine Division, Camp Pendleton, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Matthew J. Stewart, USMC.
For Appellant: Captain Kimberly D. Hinson, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant Clayton S. McCarl, JAGC, USN.

————————————————

Decided 10 May 2018

————————————————

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921 (2012). The military judge sentenced the appellant to 120 days' confinement and a bad-

conduct discharge. The convening authority (CA) approved the adjudged sentence and, except for the bad-conduct discharge, ordered it executed.

The appellant alleges the convening authority's action (CAA) was not personally signed by the CA as required by RULE FOR COURTS-MARTIAL (R.C.M.) 1107(f)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). After carefully considering the record of trial and the submissions of the parties, we find no error materially prejudicial to the substantial rights of the appellant and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The Commanding General, 1st Marine Division (1st MarDiv) convened the appellant's special court-martial. On 25 May 2017, the date the CAA in the appellant's case was signed, Major General (MajGen) D.J. O'Donohue was the Commanding General, 1st MarDiv. However, he did not sign the CAA. Instead, Colonel (Col) C.S. Dowling, who normally served as MajGen O'Donohue's Chief of Staff, signed the CAA. The CAA was prepared on 1st MarDiv letterhead and the signature block identified Col Dowling as the "Commander" of 1st MarDiv.

The appellant alleges that, due to the limitation of the Marine Corps' service regulations, only MajGen O'Donohue could sign the CAA in the appellant's case, and that it was error for Col Dowling to do so. We disagree.

## II. DISCUSSION

We review *de novo* whether the appellant's CAA meets the requirements of R.C.M. 1107. *United States v. Captain*, 75 M.J. 99, 104 (C.A.A.F. 2016). R.C.M. 1107(f)(1) states that the CAA "shall be signed personally by the [CA]" and that the CA's "authority to sign shall appear below the signature."

### A. Authority to convene a court-martial

Article 22(a)(5), UCMJ, authorizes the commander of a Marine Corps Division to convene general courts-martial. The commander of a Marine Corps Division is also authorized to convene special courts-martial. Art. 23(a)(1), UCMJ.

### B. Temporary successor to command in the Marine Corps

To ensure the "full and effective control" and "efficient operation" of any military command, an orderly and well-understood succession to command is crucial in the event of the incapacity, death, or *absence of the commander*. *United States v. Kugima*, 36 C.M.R. 339, 342 (C.M.A. 1966). This includes the effective and efficient administration of military justice matters within the command.

In the Marine Corps, in the absence of the Commanding General of a Marine Division, command of the Division passes to the Assistant Division Commander.[1] In the event there is no Assistant Division Commander or if the Assistant Division Commander is absent, command of the Division passes to the Chief of Staff.[2] "When a commander is absent . . . the officer who . . . succeed[s] to command . . . shall have authority to . . . be the commander for purposes of military justice."[3]

## C. Authority to sign convening authority's actions

Chiefs of Staff of Marine Corps Divisions do not possess the statutory or regulatory authority to convene, refer, or take action in a court-martial. *See United States v. Foley*, No. 201300167, 2013 CCA LEXIS 991, at *6, unpublished op. (N-M. Ct. Crim. App. 26 Nov 2013) (per curiam). If, however, the person serving as Chief of Staff ascends to command due to the absence of the CA, his or her authority to act as a CA is derived from the office of the CA. *Id.*; Marine Corps Manual at ¶¶ 1007.2a(1) and 1007.2b (Ch-3 13 May 1996); *see also* Arts. 22(a)(5) and 23(a)(1), UCMJ (granting the commander of a Marine Division the authorities of a CA for general and special courts-martial).

In this case, there is no doubt that MajGen O'Donohue, as the Commanding General, 1st MarDiv, had the authority to convene, refer, and take action in the appellant's special court-martial. The appellant does not contest this matter. Instead, he argues that the combined effect of the U.S. Navy Regulations and the Marine Corps Manual for Legal Administration[4] (LEGADMINMAN) abrogate the authority of a temporary successor to command, such as Col Dowling, to exercise the statutory CA powers of the office he or she temporarily occupies.

The appellant's argument focuses on Article 1026, U.S. Navy Regulations, which requires that a temporary successor to command sign all official correspondence with the word "Acting" in the signature block. The appellant argues that when this requirement is read in conjunction with the language of LEGADMINMAN ¶ 1108, which prohibits a temporary successor to command from using the word "Acting" when signing military justice related documents, the Marine Corps has withheld, withdrawn, or limited the authority of any temporary successor to command of a Marine Corps unit to

---

[1] U.S. Navy Regulations (1990), Art. 1072; Marine Corps Manual [MARCORMAN] at ¶ 1007.2a(1) (Ch-3 13 May 1996).

[2] U.S. Navy Regulations, Art. 1074; MARCORMAN at ¶ 1007.2a(1).

[3] MARCORMAN at ¶ 1007.2b.

[4] Marine Corps Order P5800.16A (Ch-7 10 Feb 2014).

exercise the statutory CA authorities of the office he or she temporarily occupies. We disagree.

When considering whether the failure to follow service regulation procedures when assuming command divested a commander of his CA powers, our superior court observed:

> The power to convene a court-martial, appoint or replace members, and *approve findings and sentence* is a power that Congress has traditionally reserved for command. Its concern is not technical, but functional, because military justice plays an important role in the readiness of our servicemembers to wage war. In such a context, we are not justified in attaching jurisdictional significance to service regulations in the absence of their express characterization as such by Congress.

*United States v. Jette*, 25 M.J. 16, 18 (C.M.A. 1987) (citations omitted) (emphasis added); *see also United States v. Kohut*, 44 M.J. 245, 250 (C.A.A.F. 1996) (failure to follow service regulation which required prior approval of the Judge Advocate General of the Navy to prosecute offenses previously disposed of in state criminal court did not impact the CA's jurisdictional authority to convene and take action on a court-martial for the state adjudicated offenses).

We find the regulations argued by the appellant do not withhold, withdraw, or limit the statutory authorities of the office a temporary successor to command has assumed. Additionally, the regulations at issue were not promulgated to protect any right of the appellant. *See United States v. Sloan*, 35 M.J. 4, 9 (C.M.A. 1992). Instead, they merely address the form and content of a temporary successor's signature when signing documents, such as a CAA, in the execution of the powers of the office assumed.

As an official document, the CAA in the appellant's case is entitled to the presumption of regularity if it appears regular on its face. *See United States v. Ayers*, 54 M.J. 85, 91 (C.A.A.F. 2000). With no evidence in the record to indicate otherwise, we find Col Dowling commanded 1st MarDiv in the absence of MajGen O'Donohue.[5] The fact that Col Dowling signed the CAA on 1st MarDiv letterhead as Commander, 1st MarDiv—and not as Chief of Staff—is of great significance. By doing so he indicated, and we find, that on 25 May 2017, he was the officer in command of 1st MarDiv and the Division's "commander for the purposes of military justice" matters.[6] Because the

---

[5] U.S. Navy Regulations, Arts. 1026, 1073, and 1074; MARCORMAN ¶¶ 1007.2a and 1007.2b.

[6] *See* MARCORMAN ¶ 1007.2b.

correct office holder, Col Dowling, personally signed the CAA and included his authority to sign the CAA—as Commander, 1st MarDiv—below his signature, the CAA satisfies the requirements of R.C.M. 1107(f)(1).

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court